FARMER, J.,
concurring specially.
I do not agree that the trial judge correctly denied the motion for the wrong reason. I do agree that he correctly considered the traverse sufficient to defeat the motion to dismiss. This case presents no occasion for the Applegate rule.[2]
Because defendant has entered pleas and been sentenced on the charge, there are no further proceedings to be had. So this case has proceeded beyond the pretrial stage to final judgment. Accordingly I would address defendant’s contention that the final sentence from his order denying the motion to dismiss is improper.
In deciding a motion to dismiss a criminal charge, rule 3.190[3] neither requires nor permits the judge to engage in fact finding. The court simply lays the traverse beside the charging document and motion to dismiss, ascertaining whether the traverse properly appears to deny critical facts involved. In this sense it is different from a motion to suppress where the judge is called upon to take testimony and resolve factual conflicts.
The motion to dismiss simply required the judge to make a legal determination about the effect of the traverse. His gratuitous “finding” that defendant was guilty of fraud in obtaining the prescription is a *779 legal nullity. We should strike it from the order.

. Applegate v. Barnett Bank of Tallahassee, 3,77 So.2d 1150, 1152 (Fla.1979) ("The written final judgment by the trial court could well be wrong in its reasoning, but the decision of the trial court is primarily what matters, not the reasoning used”). For me it is long past the time for retiring that lamentable locution, "Tipsy Coachman Rule.” To paraphrase John Ford, when the cliché becomes law, judges seem to print the cliché. It is as dubious and inartful a metaphor as I have ever heard. Anyway it takes less wind or fewer words to say Applegate.

. See Fla. R.Crim. P. 3.190(c)(4),(d).